UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | |
|---|---|
| MARK THOMAS CAVE, § | |
| *Plaintiff* § | |
| § | |
| v. § | No. 1:25-CV-00590-DAE |
| § | |
| CITY OF AUSTIN, TEXAS, § | |
| MAYOR KIRK WATSON, § | |
| *Defendants* § | |

**ORDER AND REPORT AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE**

TO:   THE HONORABLE DAVID A. EZRA
      SENIOR UNITED STATES DISTRICT JUDGE

Before the Court are Plaintiff Mark Thomas Cave's motions to amend complaint, Dkts. 31; 35, Cave's motions for leave to file a second amended complaint, Dkts. 72; 76, Cave's motions for joinder, Dkts. 35; 36; 37; 38; 39; 40; 41; 42; 43; 44; 45; 46; 52; 71, Defendants City of Austin and Mayor Kirk Watson's ("Defendants") motion to dismiss, Dkt. 23, and all related briefing. Also before the Court are Cave's motions to extend scheduling order deadlines, Dkts. 65; 69; 70, Cave's motion for voluntary dismissal, Dkt. 26, and Cave's motion to withdraw his motion for voluntary dismissal, Dkt. 33. Finally, before the Court is Cave's motion to direct a criminal investigation into Cave's brother's alleged wrongful death, Dkt. 64. After considering the motions and the relevant law and holding a status conference, the undersigned recommends that the District Judge deny Cave's motions and deny Defendants' motion as moot.

1

I.      BACKGROUND

This is a civil rights case alleging discrimination and excessive force. *See* Dkts. 1-3, at 4; 1, at 1 (noting that while the pro se plaintiff did not "directly reference" 42 U.S.C. § 1983, his "claims for excessive force and discrimination trigger it"). Cave initially alleged that while he was visiting his brother at a nursing home in Austin, Austin Police Department ("APD") officers "forcefully removed" Cave from the premises. Dkt. 1-3, at 4. Contending that he "at no time … engage[d] in behavior that warranted his removal," Cave states that his removal from the nursing home was "motivated by unlawful discrimination based on both his sexual orientation (as a gay man) and his homeless status." *Id.* Cave further alleges that the officers' actions were "excessive." *Id.* Defendants removed this action to federal court, noting that Cave "alleges violations of his rights committed by persons acting under color of state law." Dkt. 1.

Shortly thereafter, Cave moved for leave to amend his complaint. Dkt. 10. The District Judge granted the motion, ordering Cave to file any amended complaint on or before May 26, 2025. Cave did not file an amended complaint by May 26, 2025. Defendants filed their motion to dismiss, Dkt. 23, on June 13, 2025. In it, Defendants generally argue that Cave's claims against the City of Austin should be dismissed because he "failed to plead any policy or custom" leading to the alleged constitutional violations and that Cave's claims against Mayor Kirk Watson should be dismissed because Cave "offers no allegations whatsoever" supporting a claim against him. *Id.* at 2-3, 4.

Cave filed an amended complaint on July 3, 2025. Dkt. 28.[1] In that complaint, Cave adds claims that Defendants "engaged in a pattern of harassment and discrimination … designed to prevent [Cave] from visiting his brother," APD officers conducted warrantless searches of Cave's residence, and APD officers issued "invalid no-trespass orders." *Id.* at 3-5. Cave brings causes of action under the First, Fourth, and Fourteenth Amendments, as well as state-law claims. *Id.* at 5-8. Cave states that these constitutional violations "were the direct result of the City of Austin's policies, customs, and practices." *Id.* at 4.

On the same day Cave filed his first amended complaint, Dkt. 28, he moved to file a second amended complaint, naming additional proposed defendants, Dkt. 31, at 3. Defendants opposed the motion, stating that Cave failed to justify the need for an additional complaint and that an amended complaint would not address the deficiencies in his first amended complaint. Dkt. 61, at 3. Cave filed additional motions for leave to file his second amended complaint on July 15, 2025, and July 16, 2025. Dkts. 72; 76. Pursuant to the scheduling order governing this case, Cave was required to file "all motions to amend or supplement pleadings or to join additional parties" on or before July 15, 2025. Dkt. 20. Accordingly, Cave's July 16 motion, Dkt. 76, was filed out of time.

Cave also filed a motion to join his deceased brother as a plaintiff, Dkt. 35, and 13 motions to join additional defendants based on their alleged involvement or control

---

[1] Cave filed this first amended complaint within 21 days of Defendants' motion to dismiss, Dkt. 23. Accordingly, this amendment was proper under Federal Rule of Civil Procedure 15(a)(1)(B).

3

over the nursing home or involvement in other events from Cave's complaint, Dkts. 36; 37; 38; 39; 40; 41; 42; 43; 44; 45; 46; 52; 71.[2] The undersigned construes Cave's motions to join as motions for leave to amend his complaint. *See, e.g., Mid-American Supply Corp. v. Trust Bank*, No. 4:21-cv-00841, 2023 WL 1765908, at *2 n.1 (E.D. Tex. Feb. 3, 2023) (construing a motion to join as a motion to amend where plaintiff proposed adding a non-diverse defendant in a diversity case); *Morgan v. Stephens*, No. H-15-2833, 2016 WL 10706393, at *1 (S.D. Tex. Apr. 4, 2016) (construing pro se motion for joinder as request for leave to amend complaint in a case brought under 42 U.S.C. § 1983).

While Cave states some reasons he believes amendment is proper in each of his motions, Cave fails to attach any proposed amended complaints to his timely motions to amend as required by Local Rule CV-7(b). Cave attaches a proposed second amended complaint to his untimely motion to amend, Dkt. 76.

Finally, the undersigned held a status conference in this case on August 14, 2025. Dkt. 115. At the conference, the undersigned asked Cave, in light of his motions to voluntarily dismiss this case, whether he wished to proceed with the case. *See* Dkts. 26 (moving to dismiss pursuant to Federal Rule of Civil Procedure 41(a)(2)); 33 (moving to withdraw the motion to dismiss, Dkt. 26); *see also* Dkts. 25; 79; 82; 83; 88. Cave indicated that he did wish to proceed.

---

[2] Each of Cave's motions to join was filed in time pursuant to the scheduling order, Dkt. 20.

## II.     LEGAL STANDARD

A party may amend its pleading once as a matter of course within 21 days after serving it or, if the pleading is one to which a responsive pleading is required, 21 days after service of a responsive pleading. Fed. R. Civ. P. 15(a)(1). After this time period has passed, a party may amend its pleading with the opposing party's consent or the court's leave. Fed. R. Civ. P. 15(a)(2). Rule 15(a) provides that courts "should freely give leave [to amend] when justice so requires." Fed. R. Civ. P. 15(a)(2). "In deciding whether to grant leave to amend, the district court may consider a variety of factors in exercising its discretion, including undue delay, bad faith or dilatory motive on the part of the movant, repeated failures to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, and futility of the amendment." *Jones v. Robinson Prop. Grp., L.P.*, 427 F.3d 987, 994 (5th Cir. 2005); *see McClure v. Turner*, 481 F. App'x 167, 171 (5th Cir. 2012).

While ordinarily Rule 15(a) governs the amendment of pleadings, this standard "does not apply if an amendment would require the modification of a previously entered scheduling order." *Filgueira v. U.S. Bank Nat. Ass'n*, 734 F.3d 420, 422 (5th Cir. 2013). "Instead, Rule 16(b) governs the amendment of pleadings 'after a scheduling order's deadline to amend has expired.'" *Id.* (citing *Fahim v. Marriott Hotel Servs., Inc.*, 551 F.3d 344, 348 (5th Cir. 2008)). Rule 16(b) provides that a scheduling order "shall not be modified except upon a showing of good cause and by leave of the district judge." Fed. R. Civ. P. 16(b). "Only upon the movant's

demonstration of good cause to modify the schedule order [under Rule 16(b)] will the more liberal standard of Rule 15(a) apply to the district court's decision to grant or deny leave." *S & W Enters. v. SouthTrust Bank of Ala.*, 315 F.3d 533, 536 (5th Cir. 2003).

The good cause standard under Rule 16(b) requires the "party seeking relief to show that the deadlines cannot reasonably be met despite the diligence of the party needing the extension." *S & W Enters.*, 315 F.3d at 535 (quoting 6A Charles Alan Wright et al., Federal Practice and Procedure § 1522.1 (2d ed. 1990)). Further, the Fifth Circuit has adopted a four-factor analysis to address good cause as to "untimely motions to amend pleadings." *Id.* at 536. In determining whether good cause is shown, the Court considers "(1) the explanation for the failure to timely move for leave to amend; (2) the importance of the amendment; (3) potential prejudice in allowing the amendment; and (4) the availability of a continuance to cure such prejudice." *Filgueira*, 734 F.3d at 422 (citing *E.E.O.C. v. Serv. Temps Inc.*, 679 F.3d 323, 334 (5th Cir. 2012)). The analysis likewise applies to leave sought for the purpose of adding new parties. *Hawthorne Land Co. v. Occidental Chem. Corp.*, 431 F.3d 221, 227 (5th Cir. 2005) (finding no abuse of discretion where the district court denied a request to add a new party for failure to show good cause).

### III.   DISCUSSION

Given that different standards apply to timely and untimely motions to amend, this report and recommendation proceeds in two parts. First, as described below, the District Judge should deny Cave's timely motions to amend for failure to attach any

6

proposed amended complaints. *See* Dkts. 31; 35; 36; 37; 38; 39; 40; 41; 42; 43; 44; 45; 46; 52; 71; 72. Second, the District Judge should deny Cave's untimely motion to amend, Dkt. 76, because he fails to show good cause.

### A. Cave's timely motions to amend should be denied for failure to attach any proposed amended complaints.

As stated above, when determining whether to permit a timely motion to amend, courts consider a variety of factors, including "undue delay, bad faith or dilatory motive on the part of the movant, repeated failures to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, and futility of the amendment." *Jones*, 427 F.3d at 994. However, Cave fails to attach any proposed amended complaints to his motions as required by Local Rule CV-7(b). *See* Dkts. 31; 35; 36; 37; 38; 39; 40; 41; 42; 43; 44; 45; 46; 52; 71; 72.

Not only are Cave's pleadings thus procedurally deficient, but his failure to attach any proposed amended complaints prevents the Court from evaluating the factors set out in *Jones*. 427 F.3d at 994. In particular, the Court cannot determine whether the proposed amendments would be prejudicial or futile. *See Jones*, 427 F.3d at 994. Further, while Cave's motions include some limited facts explaining why his motions for leave to amend should be granted, the Court cannot evaluate whether any proposed amended complaint would cure deficiencies in previous pleadings. *See id*. The undersigned also finds that granting leave to amend in the absence of any proposed amended complaint would be unfair to Defendants, who can no more than the Court divine the contents of any such amendment. Indeed, granting leave to

7

amend without evaluating any proposed amended complaint would permit Cave to flout the scheduling order in this case by filling in the blanks—disclosing the contents of his proposed amended complaint—whenever he chooses.

Because Cave attaches no proposed amended complaint to his timely motions to amend, the motions should be denied. This recommendation is consistent with Local Rule CV-7 and with the practice of other district courts in this Circuit. *See, e.g.*, *Lyons v. Baylor Univ.*, No. 6:17-cv-232-RP, 2019 WL 13253803, at *8 (W.D. Tex. Jan. 16, 2019) (denying leave to amend where plaintiff failed to attach a proposed amended complaint pursuant to Local Rule CV-7(b) and "any analysis of futility [was] currently hypothetical"); *Brauckmiller v. Univ. of Tex. San Antonio*, No. SA-23-cv-01182-XR, 2024 WL 973127, at *1 (W.D. Tex. Feb. 14, 2024) ("It is the Court's practice to deny a motion for leave to amend where the moving party fails to submit a copy of the proposed amended pleading as an attachment to the motion."); *Lynch v. Valdez*, 705 F. App'x 295, 296 (5th Cir. 2017) (concluding that the district court did not abuse its discretion in denying motion for leave because plaintiff had not attached a proposed amended complaint).

### B. Cave has not demonstrated good cause to extend scheduling order deadlines, and his untimely motion to amend should be denied.

Next, the undersigned finds that Cave has not demonstrated good cause to extend the scheduling order deadlines in order to file his untimely motion for leave to file a second amended complaint, Dkt. 76.[3] Cave sought leave to file a second amended complaint on July 16, 2025, one day after the expiration of his deadline to

---

[3] Cave attaches a proposed amended complaint to this motion. Dkt. 76-2.

8

do so. *See* Dkt. 20. Cave asserts that good cause exists because the one-day delay is "de minimis," as a pro se party, he "has shown diligent effort to comply with [c]ourt requirements," Defendants will not be prejudiced by allowing him to file the amended complaint, and the "interests of justice favor allowing the amendment." Dkt. 76, at 2. Defendants did not respond to Cave's motion.

Because Cave filed this motion to amend after the deadline, Cave must show good cause to modify the scheduling order. *See S & W Enters.*, 315 F.3d at 536. The undersigned finds that Cave has not demonstrated good cause. First, Cave offers no explanation for his failure to timely move for leave to amend. *See* Dkt. 76; *Filgueira*, 734 F.3d at 422. Cave filed multiple motions to amend his complaint and join additional parties before the July 15 deadline, demonstrating that he was capable of timely filing this motion. Cave does not assert that he lacked any information or facts necessary to the filing before July 16—indeed, it is difficult to understand how additional facts could have come to light between Cave's July 15 and July 16 filings. Cave had ample time to move to amend his complaint, as he did three times before the deadline. This factor counsels against granting Cave's out-of-time motion for leave to amend, Dkt. 76. And because Cave does not satisfy the first factor, the Court may deny leave to amend on this basis alone. *See Thompson v. Midland Coll.*, No. MO:22-cv-00246-DC, 2024 WL 3379736, at *1 (W.D. Tex. Apr. 22, 2024) (denying motion for leave to amend because plaintiff could not "get past the first factor").

Nonetheless, an analysis of the remaining factors also counsels against allowing amendment out of time. Cave seeks to amend in order to add causes of

9

action. *See* Dkt. 76, at 6-7. While Cave could argue that adding these causes of action is important to his case, the undersigned notes that the prejudice to Defendants of allowing such an amendment is high, since Cave's amendment would change the scope and subject matter of this case to include an investigation into the circumstances surrounding Cave's brother's death. *See id.*; *Filgueira*, 734 F.3d at 422 (setting out the importance and prejudice factors); *cf. Metting v. Tierra Lease Serv., LLC*, No. 5:17-cv-44-DAE, 2018 WL 8583802, at *3 (W.D. Tex. Jan. 8, 2018) (finding good cause to allow an untimely amendment because plaintiff did not propose adding claims or "significantly changing the direction of the case"). As Defendants point out, Cave's copious filings have made it difficult to identify the operative pleading. *See* Dkt. 61, at 4. Allowing the untimely amendment would further prejudice Defendants as they attempt to respond to Cave's many filings. Finally, while a continuance may be available to allow Defendants more time to respond, a continuance will not assist in clarifying the operative pleadings and moving this case forward. *Cf. Brauckmiller*, 2024 WL 973127, at *2 (emphasizing the importance of "maintaining clarity on the docket so that there is one live complaint for reference by the Court and for [defendant] to understand the entire scope of the factual allegations and causes of action asserted against it"). Cave's repeated filings have already begun to stall resolution of this case. The undersigned therefore finds that on balance, the factors weigh against Cave being allowed to file the untimely amendment. *See Filgueira*, 734 F.3d at 422 (setting out the factors).

10

For these same reasons, the District Judge should deny Cave's motions to extend scheduling order deadlines. Dkts. 65; 69; 70. Cave has not shown good cause for doing so as required by the Federal Rules. *See* Fed. R. Civ. P. 16(b)(4) ("A schedule may be modified only for good cause and with the judge's consent."). Further, given that Cave failed to object to proposed case deadlines during the scheduling order conference before the undersigned, Dkt. 18, the Court should not extend the scheduling order deadlines based on Cave's unsubstantiated assertions that Defendants have "manipulat[ed] the scheduling process." *See* Dkts. 69, at 4-5; 70, at 2.

Finally, having determined that Cave's timely motions to amend should be denied because Cave has not attached any proposed amended complaint and that Cave's untimely motion to amend should be denied for failure to demonstrate good cause, the live complaint in this case is Cave's first amended complaint, Dkt. 28. Because Cave filed his second amended complaint after Defendants filed their motion to dismiss, Dkt. 23, that motion should be denied as moot without prejudice. *See Reyna v. Deutsche Bank Nat'l Trust Co.*, 892 F. Supp. 2d 829, 834 (W.D. Tex. 2012) (denying as moot without prejudice a motion to dismiss in light of the plaintiff's amended complaint).

## IV.     CAVE'S MOTION TO DIRECT CRIMINAL INVESTIGATION

Cave also moves for an order directing Defendant City of Austin and APD to "initiate a comprehensive criminal investigation into the circumstances surrounding" Cave's brother's transfer among nursing home facilities. Dkt. 64, at 3. As federal

11

district courts may not order, initiate, or prosecute criminal charges at the request of civil rights litigants, the undersigned will deny the motion. *See, e.g.*, *McCloud v. Craig*, No. 09-3287, 2009 WL 2515609, *2 (E.D. La. Aug. 17, 2009) ("Federal courts are not investigative or prosecutorial agencies. Individuals seeking the criminal investigation or prosecution of alleged wrongdoers should request the intervention of the appropriate law enforcement authorities, not the federal courts."); *Hymel v. Champagne*, No. 07-450, 2007 WL 1030207, *2 (E.D. La. Mar. 28, 2007) (denying plaintiff's request that the court order an investigation of a correctional center and explaining, "this Court has no authority to issue such an order and plaintiff has no constitutional right to such an order. Moreover, to the extent that plaintiff is alleging that a criminal investigation should be instituted, such investigations are solely within the purview of law enforcement authorities."); *see generally United States v. Nixon*, 418 U.S. 683, 693 (1974) (holding that the executive branch has "exclusive authority and absolute discretion to decide whether to prosecute a case").

## V.     CONCLUSION

Based on the forgoing discussion, the undersigned **RECOMMENDS** that the District Judge **DENY** Cave's motions to amend or join, Dkts. 31; 35; 36; 37; 38; 39; 40; 41; 42; 43; 44; 45; 46; 52; 71; 72; 76.

The undersigned **FURTHER RECOMMENDS** that the District Judge **DENY** Cave's motions to extend scheduling order deadlines, Dkts. 65; 69; 70.

Additionally, the undersigned **RECOMMENDS** that the District Judge **DENY** Defendants' motion to dismiss, Dkt. 23, as **MOOT** without prejudice.

The undersigned **ORDERS** that Cave's motion for order directing criminal investigation, Dkt. 64, is **DENIED**.

Finally, the undersigned **RECOMMENDS** that the District Judge **DENY** Cave's motion to dismiss, Dkt. 26, and motion to withdraw the motion to dismiss, Dkt. 33, as **MOOT** in light of Cave's statement at the status conference that he wishes to proceed with this case. Dkt. 115.

### VI.  WARNINGS

The parties may file objections to this report and recommendation. A party filing objections must specifically identify those findings or recommendations to which objections are being made. The District Judge need not consider frivolous, conclusive, or general objections. *See Battle v. United States Parole Comm'n*, 834 F.2d 419, 421 (5th Cir. 1987). A party's failure to file written objections to the proposed findings and recommendations contained in this report within fourteen days after the party is served with a copy of the report shall bar that party from *de novo* review by the District Judge of the proposed findings and recommendations in the report and, except upon grounds of plain error, shall bar the party from appellate review of unobjected-to proposed factual findings and legal conclusions accepted by the District Judge. *See* 28 U.S.C. § 636(b)(1)(C); *Thomas v. Arn*, 474 U.S. 140, 150-53 (1985); *Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1428-29 (5th Cir. 1996) (en banc).

SIGNED August 21, 2025.

_____
DUSTIN M. HOWELL
UNITED STATES MAGISTRATE JUDGE